# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY as subrogee of Color Reflections, Inc., )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLY LOGISTICS LLC, )<br>FRANKS EXPRESS INC., and )<br>GARNI TRUCKING, INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION FILE<br><br>_____ |

## COMPLAINT FOR PROPERTY DAMAGE

Federal Insurance Company, as subrogee of Color Reflections, Inc., sues Defendants Ally Logistics LLC, Franks Express Inc. and Garni Trucking Inc. as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Federal Insurance Company ("Federal") is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey 08889.

2. Defendant Ally Logistics LLC is a Michigan limited liability company with its principal office in Grand Rapids, Michigan. Defendant Ally Logistics, LLC

LEGAL\50000674\1

may be served with process by service upon its registered agent Dan Manshaem, 1090 35th Street S.E., Suite 628, Grand Rapids, Michigan 49508.

3. None of the members of Defendant Ally Logistics LLC are citizens of the State of New Jersey.

4. Defendant Franks Express Inc. is a New York corporation with its principal place of business in Brooklyn, New York. Franks Express Inc. may be served with process by service upon Firdavs Eshankulov, 2225 64th Street, Apartment 4D, Brooklyn, New York 11204.

5. Defendant Garni Trucking Inc. is a California corporation with its principal place of business in Irvine, California. Defendant Garni Trucking Inc. may be served with process by service upon its registered agent Shahlo Ikramova, 11 Sagamore, Irvine, California 92602.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332 because the action is brought at least in part under 49 U.S.C.

14706 and the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claim asserted occurred in this judicial District.

9. Venue is also proper in this District pursuant to 49 U.S.C. 14706(d) because the delivering carriers operated in this judicial district and the loss occurred in this judicial district.

## ALLEGATIONS

10. This action concerns a color textile printer owned by Color Reflections, Inc., valued in excess of $100,000, that was destroyed while being shipped from California to Georgia.

11. At all times material to this Complaint, Plaintiff Federal Insurance Company provided property insurance to Color Reflections that covered the printer.

12. In or around November or December of 2018, Color Reflections purchased the printer from a business in Hawthorne, California.

13. Color Reflections contracted with Team Air Express, Inc. d/b/a Team Worldwide to transport the printer from Hawthorne, California to Atlanta, Georgia.

14. Unbeknownst to Color Reflections, rather than transporting the printer itself, Team Air Express contracted with Ally Logistics LLC, to transport the printer.

15. Unbeknownst to Color Reflections, Ally Logistics LLC, further contracted with Franks Express Inc. to transport the printer.

16. Unbeknownst to Color Reflections, Franks Express Inc. made arrangements with Garni Trucking Inc. to transport the printer for some or all of the movement.

17. On or about December 11, 2018, Franks Express picked up the printer in Hawthorne, California, for movement to Atlanta, Georgia.

18. At an unknown time and location, Franks Express transferred the printer to Garni Trucking for delivery to Color Reflections.

19. On December 17, 2018, Garni Trucking arrived at Color Reflections' facility in Atlanta with the printer.

20. Upon inspecting the printer, Color Reflections found it to be damaged beyond repair and refused delivery.

21. Pursuant to its policy of insurance, Federal Insurance Company indemnified Color Reflections for damage to the printer in the amount of $100,000.

22. By virtue of its contractually required insurance payment for this loss, Federal Insurance Company is contractually and equitably subrogated to all claims

and causes of action of its insured, Color Reflections, against third parties responsible for this loss, to the extent of its indemnification.

## COUNT I – NEGLIGENCE – ALLY LOGISTICS LLC

23. Ally Logistics did not, at any time material to this complaint, take possession of the printer.

24. Ally Logistics acted as a freight broker with respect to the shipment of the printer.

25. Defendant Ally Logistics owed to Color Reflections the duty to use reasonable care in arranging for transportation of the textile printer so as to not expose Color Reflections to an unreasonable risk of damage and loss.

26. Defendant Ally Logistics breached the duty it owed to Color Reflections in one or more of the following ways:

    (a) Failing to retain qualified carriers to transport the textile printer;

    (b) Failing to ensure that the textile printer was properly shipped in accordance with Color Reflections instructions;

    (c) Failing to ensure that the carriers it selected to transport the textile printer were properly equipped to safely transport the textile printer;

(d) Failing to ensure that the carriers it selected to transport the textile printer were properly trained to safely transport the textile printer;

(e) Failing to ensure that the carriers it selected to transport the textile printer were properly bonded and insured in order to protect Color Reflections from loss or damage to the textile printer while it was in their possession; and

(f) Other acts or omissions as discovery may reveal.

27. As a direct, proximate and foreseeable result of defendant Ally Logistics breach of duty and negligence, Color Reflections and consequently Federal Insurance Company were damaged in an amount not less than $100,000.

### COUNT II- STRICT LIABILITY UNDER 49 U.S.C. § 14706 – FRANKS EXPRESS INC. AND GARNI TRUCKING INC.

28. At all times material to this complaint, Defendants Franks Express Inc. and Garni Trucking Inc. were engaged in the transportation of goods for hire in interstate commerce.

29. At all times material to this complaint, Franks Express and Garni Trucking were obligated to transport and deliver to Color Reflections the textile printer in the same good order and condition in which it was received pursuant to

6

their obligations as a common carrier of goods for hire under 49 U.S.C.§14076 (the Carmack Amendment).

30. Defendants Franks Express and Garni Trucking received the textile printer in good order and condition.

31. Defendants Franks Express and Garni Trucking did not deliver the textile printer in the same good order and condition as received.

32. Defendants Franks Express and Garni Trucking delivered the printer to Color Reflections in a damaged and unrepairable condition.

33. As a result of Franks Express and Garni Trucking's delivery of the printer to Color Reflections in a damaged condition, they are strictly liable to Plaintiff for damages to the printer in an amount not less than $100,000.

### COUNT III- NEGLIGENCE – FRANKS EXPRESS AND GARNI TRUCKING

34. Defendants Franks Express and Garni Trucking owed to Color Reflections the duty to use reasonable care when transporting the textile printer so as to avoid any unreasonable risk of injury to a person or property.

35. Defendants Franks Express and Garni Trucking breached the duty they owed to Color Reflections by damaging the textile printer while transporting it to Color Reflections' facility in Atlanta, Georgia.

36. As a direct, proximate and foreseeable result of Defendants' breach of duty and negligence, Plaintiff has suffered damages in an amount not less than $100,000.

WHEREFORE, Federal Insurance Company prays of this Court:

A. That process issue and be served upon Defendants compelling them to appear and answer this Complaint;

B. That Plaintiff have judgment in its favor and against Defendants in an amount not less than $100,000, plus interest and costs; and

C. That it have all other and further relief allowed by law or equity.

Respectfully submitted this 14th day of December, 2020.

/s/ David M. Bessho
David M. Bessho
Georgia Bar No. 055784
COZEN O'CONNOR
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone:  (404) 572-2000
Facsimile:  (404) 572-2199
Email:   dbessho@cozen.com

*Attorney for Plaintiff*